Jones, J.
(dissenting). I would reverse and reinstate the determination of the Court of Claims on the issue of liability, as would Mr. Justice Stewart F. Hancock, Jr., at the Appellate Division, for the failure of the State to comply with the *877 requirements imposed by the Legislature when it authorized the DWI Counterattack Program.
The experimental driver rehabilitation program in this case cannot be classified as an incidental component of the State’s administration of the routine licensing of operators of motor vehicles. The Legislature in its wisdom (which I am not at liberty to question) has authorized "the establishment of experimental programs of rehabilitative instruction and direction for drivers with poor driving records” (Vehicle and Traffic Law, § 520; L 1968, ch 464), in consequence of which drivers who would not otherwise be permitted to do so may nonetheless be allowed, if participating in the program, to continue to drive on our public highways. Thus, segments of the public are exposed to risks to which they would not be subjected were it not for affirmative action of the State in its inauguration and operation of the driver rehabilitation program. This case, therefore, falls outside the scope of the unquestioned proposition that the State, acting for the protection of the general public, cannot be cast in damages for a failure to furnish adequate protection to a particular individual to whom it assumed no special duty. In the operation of this particularly designed program, involving a significant aggravation of risk as it inescapably does, the State should be held to have assumed a special duty to the traveling public, at least to the extent that there must be substantial compliance with the terms and conditions imposed by the Legislature in its authorization of the inauguration and operation of the program.
The enabling statute explicitly mandates that the advisory board, composed of individuals possessed of particular competences appropriate to the discharge of the important responsibility reposed in the board, shall (1) "establish criteria, subject to the approval of the commissioner, for the selection of those persons to be referred to the commissioner for official participation in the driver rehabilitation programs authorized” and, additionally, (2) "based on criteria developed by the board [shall], select on an impartial basis those persons to be referred to the commissioner for official participation in such driver rehabilitation program” section 522 (subd 2, pars [c], [d]) of the Vehicle and Traffic Law. There is no evidence in this record to support a conclusion that either of these important responsibilities was discharged by the board, either by its own action or by duly and permissibly delegated authority. *878 The State should be held liable for these serious omissions and its failure to comply with the specific statutory commands in implementing a hazardous experimental program authorized by the Legislature which puts back on the highways a motor vehicle operator who because of alcohol-related offenses would otherwise be prohibited from driving, when innocent members of the public are thereby injured in another episode of alcohol abuse on his part.
Chief Judge Cooke and Judges Jasen, Gabrielli and Wachtler concur; Judge Jones dissents and votes to reverse in a separate opinion in which Judge Fuchsberg concurs.
Orders affirmed.